## Morris' Estate

■■■■■■■■■■■■■■■■■■

*Desmond J. McTighe*, of *Fox & McTighe*, and *Cahill & Maier*, for accountants.

HOLLAND, P. J., June 11, 1941.—Naomi Morris died on March 15, 1893, having made her last will dated March 31, 1882, with three codicils thereto dated respectively March 22, 1883, February 3, 1885, and January 12, 1888, duly probated on March 25, 1893. . . . .

In the eleventh paragraph testatrix bequeathed and devised a one-third part of the residue to all the children of her late daughter, Sarah Morris Vaux, who might be living at the time of the decease of testatrix, and the children and descendants of such of them as might then be dead, per stirpes, absolutely, with the added provision, however, that the share which accrued to her granddaughter, Mary M. Vaux, should be held by the executors in trust for her during her life, the income thereof to be paid for her support and maintenance and in such way that it should not be subject to her control, debts, contracts or engagements, or to those of any husband, and without any power on her part of anticipation or alienation — a separate use trust. She further provided that, after the said granddaughter's decease, the corpus of the trust should be for such person or persons and for such uses, intents, and purposes, as she by her last will and testament might direct, limit and appoint, expressly declaring that it should not be necessary that the appointment be recited in her will. . . .

Mary M. Vaux, afterwards Mary Vaux Walcott, survived testatrix and the trust for her became operative. . . .

The reason or purpose of the filing of the account now before the court is that Mary Vaux Walcott, the life beneficiary, died on August 22, 1940, whereupon the trust for her terminated. She left no issue surviving. She left a last will and testament bearing date May 21, 1938, on which letters testamentary have been granted to Sidney S. Walcott and Lanier P. McLachlen, the executors therein named. . . .

The will of Mary Vaux Walcott was probated in the District of Columbia on September 11, 1940. In the fifth item thereof she provided as follows:

"V. I give, devise and bequeath all of the rest, residue and remainder of my estate, wherever the same may be situated, of which I may die seized and possessed or in which I may have or be entitled to any interest at the time of my death, including all property and estate over which I may possess or be entitled to exercise any power of appointment or disposition under the will of my grandmother, Naomi Morris, or any other person, to the Smithsonian Institution, of Washington, in the District of Columbia, and its successors, absolutely in perpetuity, in memory of my beloved husband, Charles D. Walcott, to be added to and form a part of The Charles D. and Mary Vaux Walcott Research Fund, established by my husband in his lifetime, with the express stipulation, however, that the restriction as to the use of the income of said Fund shall not apply to the income from this devise and bequest. But I direct that out of said income said Smithsonian Institution shall annually pay, in quarterly installments, if possible, to and for the benefit of the person hereinafter named, the sum of money set opposite said name:

"Helen Walcott Younger, Five Hundred Dollars ($500) annually."

She thus specifically exercised the power of appointment given her in the will of this decedent, Naomi Morris, her grandmother.

The accountants, in the petition for adjudication, question whether the fund now before the court in the

trust for Mary Vaux Walcott is subject to the payment of transfer inheritance tax. Inasmuch as the decedent, Naomi Morris, died on March 15, 1893, the collateral inheritance tax act governing her estate is the Act of May 6, 1887, P. L. 79. This act does not specifically provide for taxation of properties passing under powers of appointment, the first act making such property taxable being the Act of June 20, 1919, P. L. 521, sec. 1 (d), which is not retroactive. The question is submitted, therefore, whether the estate passing by virtue of the exercise of the power of appointment by Mary Vaux Walcott in her last will is free from tax, or whether it is taxable at the rate of five percent, and if so, whether at the values as of the date of the death of Naomi Morris, this decedent, on March 15, 1893, or as of the date of death of Mary Vaux Walcott, the donee, on August 22, 1940.

The first section of the Act of May 6, 1887, P. L. 79, provides:

"That all estates, real, personal and mixed, of every kind whatsoever, situated within this State, . . . passing from any person, who may die seized or possessed of such estates, either by will, or under the intestate laws of this State, or any part of such estate, or estates, or interest therein, transferred by deed, grant, bargain or sale, made or intended to take effect, in possession or enjoyment after the death of the grantor or bargainer, to any person or persons, or to bodies corporate or politic, in trust or otherwise, other than to or for the use of father, mother, husband, wife, children and lineal descendants born in lawful wedlock, or the wife, or widow of the son of the person dying seized or possessed thereof, shall be and they are hereby made subject to a tax of five dollars on every hundred dollars of the clear value of such estate or estates. . . ."

In the third section it is provided:

"In all cases where there has been or shall be a devise, descent or bequest to collateral relatives or strangers,

liable to the collateral inheritance tax, to take effect in possession, or come into actual enjoyment after the expiration of one or more life estates, or a period of years, the tax on such estate shall not be payable, nor interest begin to run thereon, until the person or persons liable for the same shall come into actual possession of such estate, by the termination of the estates for life or years, and the tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner as aforesaid: . . . ."

The comprehensive language used in the first sentence of the act "that all estates, real, personal and mixed, of every kind whatsoever" leaves no room for doubt that this estate is subject to the tax as to the portion of it that goes to legatees who are not excepted from its provisions because of direct relationship to the decedent.

The Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as last amended by the Act of May 16, 1929, P. L. 1795, in effect at the date of the death of Mary Vaux Walcott, the donee of the power of appointment, provides, in sec. 1 (d):

"That property transferred pursuant to powers of appointment shall, in all cases where the power is hereafter exercised, be taxed as of the estate of the donor, notwithstanding any blending of such property with the property of the donee."

Hence it becomes immaterial whether or not the donee, in exercising the power of appointment, blends the appointed estate with his individual estate. The property passing under the power of appointment exercised by the will of Mary Vaux Walcott is, therefore, subject to collateral tax at the rate of five percent under the Act of 1887, supra, sec. 1; and under section 3 the tax is to be assessed upon the value of the estate as of the death of Mary Vaux Walcott. As thus found to be due the inheritance tax is awarded to the register of wills and payment thereof will be reflected in the schedule of distribution hereinafter directed to be prepared.